IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **REGINA L. DOHERTY**, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 2:21-cv-02263 |
| | ) | |
| v. | ) | |
| | ) | |
| **DANMAR PRODUCTS, INC.**, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER DENYING MOTION TO REMAND

Before the Court is the Motion to Remand Case to the Circuit Court of Shelby County, filed by Plaintiff Regina Doherty, filed on May 26, 2021.  (ECF No. 16.)  Defendant Danmar Products, Inc. filed a Response in Opposition on May 28, 2021.  (ECF No. 20.)  For the reasons discussed below, Plaintiff's Motion to Remand is **DENIED**.

Plaintiff seeks remand of this case to Shelby County Circuit court, where she wishes to consolidate the case with a pending matter, Regina L. Doherty v. Behavioral Services of Tennessee, Inc., et al., Case No. CT-0376-19.  ("State Court Proceeding", ECF No. 16-1.) Plaintiff's moves for remand on two grounds: 1) 28 U.S.C. § 1447(e) and 2) Federal Rule of Civil Procedure 19.  (ECF No. 16-1 at PageID 75.)

28 U.S.C. § 1447 provides guidelines for procedures after removal.  Specifically § 1447(e) provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court.

1

28 U.S.C. § 1447(e).

Plaintiff asserts that she would seek to join the State Court defendants Sylvia Wright, Tabatha Benson, and Behavioral Sciences of Tennessee, Inc. as defendants in this case "were they not already joined as defendants in the [State] Circuit Court."  (ECF No. 16-1 at PageID 75.) Plaintiff goes on to assert, "If joinder [in this case] were sought, it would in fact destroy the subject matter jurisdiction and the remedy would be remand to the State court."  (Id.)

Plaintiff has not, however, sought joinder in the instant case.  Furthermore, as noted by Defendant, "Plaintiff chose to file a separate lawsuit against Danmar Products, the manufacturer and seller of the helmet allegedly in Jessica Doherty's possession on January 28, 2018," and "could have joined Danmar Products, Inc. as a party to the [State Court Proceeding]."  (ECF No. 20 at PageID 98.)  Plaintiff has not cited to *any* case law to support its motion to remand.  Accordingly, Plaintiff's motion fails with respect to remand on the basis of § 1447.

Plaintiff also argues that remand is appropriate on the basis of Federal Rule of Civil Procedure 19.  Specifically, with respect to "required parties" under Rule 19, Plaintiff argues that "[t]he most significant category is a party in whose absence the court cannot accord complete relief."  (ECF No. 16-1 at PageID 75.)  Defendant is not, however a required party.  Rule 19 provides that the following constitute "required parties":

> (1) Required Party.  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>> (A) *in that person's absence, the court cannot accord complete relief among existing parties*; or
>>
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>
>>> (i)      as a practical matter impair or impede the person's ability to protect the interest; or

                (ii)       leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1) (emphasis added).

Plaintiff contends that all of the alleged joint tortfeasors must be part of the same litigation in order to afford complete relief in accordance with Rule 19(a)(1)(A). (ECF No. 16-1 at PageID 75.) In Temple v. Synthes Corp., Ltd., the Supreme Court addressed the issue of Rule 19 Joinder, and agreed with petitioner that "it was error to label joint tortfeasors as indispensable parties under Rule 19(b) and to dismiss the lawsuit with prejudice for failure to join those parties." 498 U.S. 5, 7 (1990). The Court reiterated that "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." Id. at 7. Under Rule 19(a), a tortfeasor with joint and several liability is merely a permissive party to an action against another with like liability. Id. In other words, that permissive party is not necessary to be joined in the litigation and Plaintiff has not met its burden under Rule 19(a). See Temple, 489 U.S. at 8 ("Here, no inquiry under Rule 19(b) is necessary, because the threshold requirements of Rule 19(a) have not been satisfied. As potential joint tortfeasors with Synthes, Dr. LaRocca and the hospital were merely permissive parties.")

Here, the Court agrees with Defendant, which asserts that "resolution of a claim against Defendants Behavioral Services of Tennessee, Inc., Tabatha P. Benson, and Sylvia Wright would not necessarily resolve Plaintiff's claim against Danmar Products, Inc." (ECF No. 20 at PageID 96.) Furthermore, Plaintiff has not met its burden of establishing or making a showing that all parties must be part of the same cause of action in order to afford complete relief. As noted by Defendant, the claims against Defendant Danmar in this litigation are for products liability and an alleged defect in the helmet, while Plaintiff's claims against the parties in the State Court

3

Proceeding are for negligence.  (See id. at PageID 96–97.)  Accordingly, the Court finds that the

current case will proceed in Federal Court, while the State Court Proceeding will continue to

proceed in Shelby County Circuit Court.  Plaintiff's motion to remand is hereby **DENIED**.


**IT IS SO ORDERED**, this 23rd day of July, 2021.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT COURT JUDGE

4